IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH I. EDMONTON,                    No. CIV S-05-0855-LKK-CMK-P

    Petitioner,

  vs.                                  FINDINGS AND RECOMMENDATIONS

STATE OF CALIFORNIA, et al.,

    Respondents.

_____/

    Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court are: (1) respondents' motion to dismiss (Doc. 27), filed on March 27, 2006, and opposition thereto; and (2) petitioner's motion to enjoin state court proceedings (Doc. 19), filed on January 9, 2006, and opposition thereto.

    As to petitioner's motion to enjoin state court proceedings, petitioner seeks an order from this court staying all state court actions related to petitioner's commitment as a sexually violent predator.  Because the state court proceedings in question are currently pending, involve an important state interest, and afford petitioner an opportunity to be heard, this court is required to abstain.  See Younger v. Harris, 401 U.S. 37, 43-54 (1971); see also Middlesex

1

County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).  Therefore, petitioner's motion should be denied.

As to respondents' motion to dismiss, respondents argue that the petition contains unexhausted claims.  Respondents assert that an order staying this action pending exhaustion would not be appropriate and seek an order requiring petitioner to either file an amended petition raising only exhausted claims or face dismissal of the entire petition without prejudice.  See Rose v. Lundy, 455 U.S. 509, 520 (1982); see also Jones v. Pliler, 269 F.3d 1124 (9th Cir. 2001).  Respondents contend that the California Supreme Court's denial of petitioner's state habeas petition with citation to In re Swain, 34 Cal. 2d 300, 304 (1949), fails to establish exhaustion.

The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims sought to be presented in habeas corpus proceedings.  See Rose v. Lundy, 455 U.S. 509 (1982); Carothers v. Rhay, 594 F.2d 225 (9th Cir. 1979); 28 U.S.C. § 2254(b).  "A petitioner may satisfy the exhaustion requirement in two ways:  (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies."  Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted).  The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations.  See Picard v. Connor, 404 U.S. 270, 275 (1971).

Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules.  See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981).  Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not exhaust the petitioner's state remedies.  See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet, 640 F.2d at 237-89.  An exception to this

1 rule exists if the federal court finds that the facts have been pled before the highest state court
2 with as much particularity as is practicable.  See Kim v. Villalobos, 799 F.2d 1317, 1320 (9th
3 Cir. 1986).

4      In the instant case, the California Supreme Court summarily denied petitioner's
5 habeas corpus petition with only a citation to In re Swain, 34 Cal. 2d 300, 304 (1949).  The
6 Swain citation indicates that petitioner did not "allege with particularity the facts upon which he
7 would have a final judgment overturned."  Id.  Under California law, a denial of relief under
8 Swain is without prejudice to the filing of a new state court petition which meets the
9 requirements described in the case.  See id.  Because citation to In re Swain as the basis for
10 denying a state habeas petition generally indicates that the petitioner has not alleged with
11 particularity sufficient facts in support of his petition, and is without prejudice to the filing of a
12 subsequent petition meeting the pleading requirements, such denials do not establish the
13 exhaustion of available state remedies.  See Kim, 799 F.2d at 1319 (citing McQuown v.
14 McCartney, 795 F.2d 807 (9th Cir. 1986)).

15      While the court accepts respondent's argument that the Swain denial does not
16 exhaust state court remedies, the court must also consider whether the exception applies.  In
17 particular, the question is whether the facts pled before the state court were as specific as
18 practicable.  Respondents argue that the state habeas petition presented to the California
19 Supreme Court was not sufficiently specific.  The court disagrees.  Upon careful review of the
20 California Supreme Court petition, which is attached to the instant federal petition, the court
21 finds that petitioner set forth the facts with as much particularity as could be expected from a pro
22 se habeas petitioner.  The court notes that the state petition referenced attached pages which
23 contain sections entitled "Introduction," and "Historical Background."  In these sections,
24 petitioner told his story.  With all due respect to the California Supreme Court, this court cannot
25 see how the petition presented to it could be subject to a Swain denial for lack of specificity.
26 / / /

Based on the foregoing, the undersigned recommends that:

1. Petitioner's motion to enjoin state court proceedings be denied;

2. Respondents' motion to dismiss be denied; and

3. Respondents be directed to file an answer to the petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 20, 2006.

　　　　　　　　　　　　　　　　　　　／s／ Craig M. Kellison
　　　　　　　　　　　　　　　　　　　**CRAIG M. KELLISON**
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE