IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH I. EDMONTON,                    No. CIV S-05-0855-LKK-CMK-P

    Petitioner,

  vs.                                                ORDER

STATE OF CALIFORNIA, et al.,

    Respondents.

_____/

    Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.  On August 2, 2007, the court adopted the findings and recommendations of the Magistrate Judge and ordered that the amended petition for a writ of habeas corpus be denied. Pending before the court is petitioner's request for a certificate of appealability, filed on August 10, 2007.[1] For the reasons discussed below, the court grants the certificate of appealability.

---

[1] On August 20, 2007, petitioner filed a "request for reconsideration" seeking leave to file late objections to the magistrate court's May 29, 2007 findings and recommendations. That request is denied.

1

Before the petitioner can appeal the July 22, 2005 order, a certificate of appealability must issue. 28 U.S.C. § 2253 (c); Fed. R. App. P. 22(b). Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a certificate of appealability ("COA") may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c) (1994 ed., Supp. III). This demonstration requires the applicant to show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473-4, 484 (2000)(citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

The petitioner was initially committed as a sexually violent predator in 2000. On August 8, 2002, the district attorney filed a petition for a two-year extension of the petitioner's civil commitment order. The petitioner alleges that attached to this petition were declarations from Dr. Mary Jane Alumbaugh and Dr. Douglas Korpi, dated July 15, 2002 and July 13, 2002, respectively, in support of the petitioner's continued commitment. On July 27, 2004, the district attorney filed for another extension of the petitioner's commitment. The petitioner alleges that the attached to this petition were the 2002 evaluations from Dr. Alumbaugh and Dr. Korpi.

In his habeas corpus petition, the petitioner alleged that the state had violated his due process rights by failing to extend his commitment in accordance with state statute. The petitioner asserts that the state was required to submit current psychiatric evaluations when seeking recommitment in 2004, and could not simply resubmit those produced in 2002.[2] It appears that California law supports the petitioner's position. See Butler v. Superior Court of Santa Cruz County (The People), 78 Cal. App. 4th 1171 (Cal. Ct. App. 2000); Cal. Welf. & Inst. Code §§ 6601(d), 6604.

---

[2] It appears that the magistrate's Findings and Recommendations, adopted by this court, misunderstood the petitioner's allegations to refer to the timeliness of the district attorney's petition for recommitment.

1   An individual's federal due process rights may be implicated when a state erroneously
2   applies state law. Hicks v. Oklahoma, 447 U.S. 343 (1980). This failure properly apply state law
3   can be a basis for habeas corpus relief under AEDPA. Bradley v. Duncan, 315 F.3d 1091, 1096-
4   97 (9th Cir. 2002). Petitioner has shown that "reasonable jurists" could disagree on whether the
5   state's alleged error in filing its 2004 petition for recommitment constituted a violation of the
6   petitioner's federal due process rights. See Slack v. McDaniel, 529 U.S. 473, 484. Therefore, the
7   certificate of appealability should issue. Id.

8   Based on the foregoing reasons, the court will issue a certificate of appealability in this
9   action. Accordingly:

10   1. This matter is remanded to the magistrate judge for further proceedings consistent
11   with this order.

12   2. The magistrate judge is directed to serve this order on respondents.

13   IT IS SO ORDERED.

14   DATED: October 10, 2007.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT