IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH I. EDMONTON,  No. CIV S-05-0855-LKK-CMK-P

    Petitioner,

  vs.  ORDER

STATE OF CALIFORNIA,

    Respondent.

_____/

Petitioner, a civil detainee proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his continued civil commitment as a sexually violent predator.

On May 29, 2007, the court issued findings and recommendations that the petition be denied. The findings and recommendations were adopted in full on August 2, 2007, and a certificate of appealability was issued on October 11, 2007. In particular, the District Judge certified the following issue for appeal:

> In his habeas corpus petition, the petitioner alleged that the state had violated his due process rights by failing to extend his commitment in accordance with state statute. The petitioner asserts that the state was required to submit current psychiatric evaluations when seeking recommitment in 2004, and could not simply resubmit those produced in

1

2002. (footnote omitted). It appears that California law supports the petitioner's position. See Butler v. Superior Court of Santa Cruz County (The People), 78 Cal. App. 4th 1171 (Cal. Ct. App. 2000); Cal. Welf. & Inst. Code §§ 6601(d), 6604.

An individual's federal due process rights may be implicated when a state erroneously applies state law. Hicks v. Oklahoma, 447 U.S. 343 (1980). This failure properly [to] apply state law can be a basis for habeas corpus relief under AEDPA. Bradley v. Duncan, 315 F.3d 1091, 1096-97 (9th Cir. 2002). Petitioner has shown that "reasonable jurists" could disagree on whether the state's alleged error in filing its 2004 petition for recommitment constituted a violation of the petitioner's federal due process rights. See Slack v. McDaniel, 529 U.S. 473, 484. Therefore, the certificate of appealability should issue. Id.

Petitioner appealed and the Ninth Circuit Court of Appeal issued a memorandum disposition on April 23, 2009, vacating and remanding in which it stated:

Edmonton contends that the State of California violated his federal due process rights by failing to submit current psychiatric evaluations when seeking his recommitment in 2004, and by filing a complete petition for recommitment only after expiration of the prior period of commitment. In the district court's order granting a certificate of appealability on this claim, the district court recognized that the magistrate judge's Findings and Recommendations, which it adopted in full, misunderstood Edmonton's allegations to refer strictly to the timeliness of the district attorney's petition for recommitment, rather than to whether the initial petition itself was valid in light of the State's failure to submit updated psychiatric evaluations. After reviewing the record, it appears likely that the State of California failed to follow the commitment procedures set forth in the SVPA, and that this failure may have resulted in a violation of Edmonton's federal due process rights. *See Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980); *see also Jackson v. Cal. Dep't of Mental Health*, 399 F.3d 1069, 1072 (9th Cir. 2005). Accordingly, we vacate the judgment and remand to the district court for consideration of the issue as stated in the district court's order granting a certificate of appealability, and for a determination of the appropriate relief to which Edmonton may be entitled.

The mandate issued on May 19, 2009, and the Ninth Circuit's judgment became final.

As the Ninth Circuit recognized, petitioner challenges both the timeliness of the recommitment order as well as the lack of current psychological evaluations. However, the District Judge's certificate of appealability only references the latter issue. Therefore, the Ninth Circuit's remand order is limited to the issue "whether the initial petition itself was valid in light of the State's failure to submit updated psychiatric evaluations." The District Judge did not

certify for appeal the timeliness issue and the Ninth Circuit did not address that issue.

The parties will be required to submit supplemental briefs on the issue now before the court pursuant to the Ninth Circuit's remand. In briefing this issue, the parties should also address the appropriate relief available to petitioner in the event the court concludes that his due process rights were violated. Upon completion of supplemental briefing, the matter will stand submitted.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall file a supplemental brief within 30 days of the date of this order; and

2. Respondents shall file a supplements brief within 30 days after the date of service of petitioner's supplemental brief.

DATED: May 21, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE