IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH I. EDMONTON, | No. CIV S-05-0855-LKK-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| STATE OF CALIFORNIA, | |
| Respondent. | |
| _____/ | |

       Petitioner, a civil detainee proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his continued civil commitment as a sexually violent predator.  On May 22, 2009, the court directed the parties to file supplemental briefs addressing the issue identified in the Ninth Circuit Court of Appeals' April 23, 2009, judgment.  Petitioner's brief was due within 30 days after the May 22, 2009, order, and respondent's brief was due 30 days after service of petitioner's brief.  To date, petitioner has not filed a supplemental brief as directed and petitioner has been warned that failure to comply with court orders may result in dismissal of the petition pursuant to Eastern District of California Local Rule 11-110 (see e.g. order at Doc. 12).  Although it appears from the file that the May 22, 2009, order was returned as undeliverable to petition, the parties were properly served.  It is the

1

responsibility of the parties to keep the court apprised of their address of record at all times. Pursuant to Local Rule 83-182(d), service of documents at the record address of the party is fully effective.

The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint, see Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992), and failure to inform the district court and parties of a change of address pursuant to local rules, see Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1  Based on the foregoing, the undersigned recommends that this action be
2  dismissed, without prejudice, for petitioner's failure to file a supplemental brief as required by
3  the court's May 22, 2009, order as well as failure to keep the court apprised of his current
4  address.
5  These findings and recommendations are submitted to the United States District
6  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
7  after being served with these findings and recommendations, any party may file written
8  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
9  Findings and Recommendations."  Failure to file objections within the specified time may waive
10 the right to appeal.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 9, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE